IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 05-50160-L2-7 |
| MONTEMAYOR TRUCKING INC. | § | |

**MEMORANDUM OPINION**
**DENYING APPLICATION FOR ADMINISTRATIVE EXPENSES (Doc # 170)**

FACTS

On April 4, 2004, Montemayor Trucking, Inc. ("Debtor"), filed its petition for relief under chapter 11 of the Bankruptcy Code. The case was converted to chapter 7 on December 15, 2005. A chapter 7 trustee was appointed December 16, 2005.

The Law Office of Jesse Blanco and Associates ("Applicant") filed two applications for compensation while the case was pending under chapter 11, both of which were approved. After the case was converted Applicant continued to provide what he characterizes as reasonable and necessary services to the estate for which the Applicant seeks compensation. The Applicant seeks a flat fee in an amount of $2,500 plus reimbursement of expense in an amount of $320.40 for the services rendered after conversion and the appointment of a chapter 7 trustee. The Court denied the Appellant's fee application which sought allowance of the fees under Bankruptcy Code § 330. Applicant filed a supplemental application, agreeing with the Court's prior disposition but now asserting that he is entitled to compensation under § 503(b)(1)(A).

DISCUSSION

In sections 327, 328, 330(a), and 503(b)(2), the Bankruptcy Code establishes a comprehensive and cohesive structure for compensation of professionals in bankruptcy cases from estate property as administrative expenses. Sections 327 and 328 authorize a trustee and an official committee of creditors (or equity holders) to engage professionals. Section 330 authorizes the Court to award compensation to these professionals and to attorneys for debtors in chapter 12 and chapter 13 cases. Section 503(b)(2) classifies any fees awarded under § 330(a) as administrative expenses of a bankruptcy estate. This structure contemplates that a debtor's attorney will be entitled to attorneys fees that will be paid as an administrative expense in only two circumstances: (1) if the debtor is a debtor in possession in chapter 11 and therefore exercises the authority of a trustee, and (2) if the case is a chapter 12 or a chapter 13 case. There is no other provision in the Bankruptcy Code for allowance of fees for a debtor's attorney. Therefore, on initial and straightforward analysis, Applicant is not entitled to an award of attorneys fees for services rendered subsequent to the date that the case was converted and his client, the Debtor, ceased to exercise the authority of a trustee.

Prior to 1994, that was not the case.

> [P]rior to the amendments made to § 330 in 1994, the words "or to the debtor's attorney" followed the words "a professional person employed under section 327" as follows:
>
> (a) ··· the court may award to a trustee, to an examiner, to a professional person employed under section 327 ···, or to the debtor's attorney-
>
> (1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney ···
>
> (emphasis added). Thus, prior to 1994, § 330(a)(1) explicitly authorized an award of fees to the debtor's attorney.

*Andrews & Kurth, LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 423 n.2 (5th Circuit 1998).[1]

*Pro-Snax* held that a debtor's attorney is not entitled to allowance of his fees as an administrative expense of the estate if the services were rendered after the appointment of a chapter 11 trustee. Applicant seeks to avoid the holding in *Pro-Snax* by asserting that his services are entitled to priority as an administrative expense under § 503(b)(1)(A). The section states:

> (b)   After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this title, including--
> (1)
>     (A)   the actual, necessary costs and expenses of preserving the estate...

11 U.S.C. 503. Thus, whether Applicant can be compensated turns on whether § 503 provides for an independent means of compensation for a debtor's attorney after a trustee has been appointed. At least one bankruptcy court has held that it is not. *In re Canton Jubilee, Inc.*, 253 B.R. 770 (Bankr. E.D. Tex. 2000) concluded:

> [T]he rationale is clear. To apply Section 503(b)(1) to professional compensation would make the language of Sections 503(b)(2) superfluous. Congress enacted Sections 327, 330(a), and 503(b)(2) to provide the exclusive method for a debtor's retention of professionals, subject to numerous safeguards, including the requirement of disinterestedness. A court should not circumvent the limitations placed on retention of professionals by compensating a disqualified professional under Section 503(b)(1)(A). Instead, Section [503](b)(1)(A) is properly applicable only to authorize priority treatment of non-professional employee claims, including wages, salaries

---

[1] BAPCPA, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) (codified as amended at 11 U.S.C. §§ 101-1532), amended § 330 again, but not in a way that would affect the holding of *In re Pro-Snax*.

> and commissions.... In the compensation context, however, it [503(b)(1) priority status] must be limited to non-professional services of regularly employed persons, or Sections 503(b)(2), 330 and 327 are eviscerated.

253 B.R. at 779 (*quoting In re Concrete Products, Inc.*, 208 B.R. at 1000, 1010 (Bankr. S.D. Ga.. 1996)). The distinction relied upon by *In re Canton Jubilee* and the cases it cites is that § 503(b)(2) (along with §§s 330 and 327) provide for the compensation of professionals whereas § 503(b)(1)(A) encompasses costs such as outlays for repairs, upkeep, rent, taxes and other costs incidental to protection and conservation of the estate. *See, F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 108 (3d Cir. 1988).

*Pro-Snax* addressed a very similar argument. The Fifth Circuit recognized that

> With the 1994 amendments of section 330, Congress made another move towards greater equity in estate management. It provided that an award for fees might be made for services that were "beneficial at the time at which the service was rendered," § 330(a)(3)(c), and, by inverse construction, "reasonably likely to benefit the debtor's estate." Id. (a)(4)(A)(ii)(I).

*Pro-Snax* at 423.

But the Fifth Circuit held that

> by deleting "to the debtor's attorney" from the statute, Congress has clearly indicated that the debtor's attorney may not be compensated from the estate after the appointment of a Chapter 11 trustee.

*Id.* at 425.

In the case at bar, a chapter 7 trustee, not a chapter 11 trustee was appointed. The Fifth Circuit rule would apply *a fortiori.*

## CONCLUSION

Applicant's request of compensation for services rendered post-conversion should be denied status as an administrative expense. Therefore, Applicant's application for allowance of his attorney's fees as an administrative expense of this estate is DENIED.

SIGNED December 8, 2006

*Wesley W. Steen*

_____

WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE